# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 13, 2008

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

136065 & (56)
136096

LISA FEDEWA, Personal Representative of the
Estate of Nicholas Ryan Fedewa,
        Plaintiff-Appellee,

v

ROBERT CLANCY CONTRACTING, INC.,
        Defendant,
        Cross-Defendant-Appellant,
and

BAY-RAMA, INC.,
        Defendant,
        Cross-Plaintiff-Appellee.
_____/

SC: 136065
COA: 274088
Macomb CC: 2005-002126-NO

LISA FEDEWA, Personal Representative of the
Estate of Nicholas Ryan Fedewa,
        Plaintiff-Appellee,

v

ROBERT CLANCY CONTRACTING, INC.,
        Defendant,
        Cross-Defendant-Appellee,
and

BAY-RAMA, INC.,
        Defendant,
        Cross-Plaintiff-Appellant.
_____/

SC: 136096
COA: 274088
Macomb CC: 2005-002126-NO

      On order of the Court, the applications for leave to appeal the February 26, 2008
judgment of the Court of Appeals are considered.  We direct the Clerk to schedule oral

argument on whether to grant the applications or take other peremptory action. MCR 7.302(G)(1). At oral argument, the parties shall address: (1) whether the decedent was a trespasser or an implied licensee and whether the plaintiff has established genuine issues of material fact on this question, (2) whether the defendants owed a duty to the decedent and, if so, whether they breached that duty, (3) whether the sand pile where the accident occurred was an attractive nuisance and whether the plaintiff has established genuine issues of material fact on this question, (4) whether the defendants engaged in willful and wanton misconduct and whether the plaintiff has established genuine issues of material fact on this question, and (5) whether the Recreational Use Act, MCL 324.73301(1), has any applicability in this case, and if so, whether it bars the plaintiff 's claims. The parties shall file supplemental briefs within 42 days of the date of this order addressing the fifth question, and they may address the other issues in this case as well, but they should avoid submitting mere restatements of the arguments made in their application papers. The motion for stay of trial court proceedings is GRANTED.

KELLY, J., concurs in part and dissents in part and states as follows:

I concur in the decision to schedule oral argument on the application. But I dissent from that part of the order directing the parties to address "whether the recreational land use act, MCL 324.73301(1), has any applicability in this case and, if so, whether it bars the plaintiff's claims." Although this may be an interesting issue to address in the appropriate case, it is not properly before the Court because defendant has not raised the recreational land use act as a defense.

WEAVER, J., joins the statement of KELLY, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 13, 2008

Clerk

t0610